IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.:  3:21-522-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TRAVIS LEMETT MCKIE | ) | |
| _____ | ) | |

    This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 441).  The defendant contends that his family and medical circumstances, coupled with his rehabilitation efforts, support his motion for compassionate release.

    The government opposes the defendant's motion, arguing that the defendant fails to present extraordinary and compelling circumstances to warrant his release and that the § 3553(a) factors weigh heavily against his release.  The defendant did not reply thereto.

    The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties.  For the reasons which follow, the defendant's motion is respectfully denied.

## PROCEDURAL HISTORY

    The defendant and ten other co-defendants were indicted on August 18, 2021 for trafficking methamphetamine, heroin, cocaine base, fentanyl, and cocaine. On July 13, 2022, the grand jury returned a Superseding Indictment charging the defendant with the following:

| | |
|---|---|
| Count 1: | Conspiracy to possess with intent to distribute 500 grams or more of a mixture of methamphetamine, a kilogram or more of heroin, 28 grams of cocaine base, 40 grams of fentanyl, and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; |
| Counts 2–18: | Use of communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b); |
| Counts 19–25, 29: | Distribution of a controlled substance, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(l)(C); and |
| Count 30: | Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l), 924(a)(2), and 924(e). |

The defendant pleaded guilty to Count 1 of the Superseding Indictment in a written Plea Agreement (ECF No. 735). Magistrate Judge Shiva V. Hodges, with the consent of the parties, accepted the defendant's guilty plea on September 5, 2023.

A Presentence Report (PSR) (ECF No. 808) was prepared by the United States Probation Office using the 2023 Guidelines Manual. It was determined that the defendant's criminal history category was III (based on 5 criminal history points). The defendant was held accountable for a total of at least 25,349.212 kilograms of converted drug weight equivalent, possession of a firearm, and maintaining multiple premises for drug distribution. With a total offense level of 35, the defendant's tentative Guideline sentencing range was 260 to 168 months.

At his sentencing hearing on February 7, 2024, the court took up several objections lodged by the defendant. The court sustained one of the defendant's objections and declined to apply a gun enhancement. The statute provided for a mandatory minimum of 10 years on

Count 1. Under the advisory Guidelines, as a result of the court's decision not to apply the gun enhancement, the defendant's offense level decreased from 35 to 31, with the criminal history category remaining at III. This created a revised Guideline range of 135 to 168 months.

The government moved for a downward departure of five levels which reduced the offense level from 31 to 26 and created a new Guidelines range of 78 to 97 months. This court granted the government's motion and sentenced the defendant to a term of 97 months imprisonment and a 4 year term of supervision.

The defendant did not appeal his conviction or sentence. However, the defendant has pending before this court a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 wherein he alleges claims of ineffective assistance of counsel (ECF No. 914).

The defendant is currently 47 years of age and his date of release from the BOP is scheduled for December 16, 2026. He is presently housed at Memphis Federal Correctional Institution.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find

"extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after

fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute the defendant's exhaustion of his administrative remedies. Thus, the court will proceed to review the matters on the merits. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

## DISCUSSION

The Sentencing Commission issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(A). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(B). Third, extraordinary and compelling reasons exist when the defendant is "suffering from a medical condition that requires long-term or

specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in heath or death." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(C).

## I. *Medical Conditions*

In his motion for compassionate release (ECF No. 957), the defendant claims that he suffers from a "wisdom tooth" that has been ongoing since November 2025 causing him excruciating pain, and which FCI medical personnel have not treated.

The government notes that although the defendant alleges he is in pain from his wisdom tooth, he does not claim that he cannot provide self-care as required by the policy statement. *See* § 1B1.13(b)(1)(B)(i). Nor does the defendant claim that he needs specialized medical care and without it, he risks serious deterioration of his health or death. The government states that the defendant has not submitted any medical records to substantiate this claim. For these reasons, the government argues that the defendant has not met his burden to establish that his medical condition constitutes an extraordinary and compelling reason for compassionate release.

This court agrees with the government and finds this claim to be without merit.

## II. *Family Circumstances*

The defendant next submits that his daughter's mother died in March 2024 and his daughter, who is 21 years old, has been suffering from depression since her mother's death.[1]

---

[1] According to the PSR, the defendant has 8 children from prior relationships. His eldest daughter resides in North Carolina as does his eldest son who is 25.

The government argues that these circumstances are not applicable to § 1B1.13(b)(3)(A), and that the defendant's statement that his daughter cannot properly care for herself without assistance is only conclusory. The defendant has not provided any additional facts or documentation to support this claim.

While unfortunate, the court does not find this to be an extraordinary and compelling claim for compassionate release, nor has the defendant met his burden to prove the same.

### III. *Rehabilitation*

The defendant asserts that his rehabilitation while at the BOP has been significant and that he has a strong reentry plan and family support. The defendant states he is at low risk for recidivism and that he has no disciplinary infractions while incarcerated at the BOP. He also states that he has graduated from the Residential Drug Abuse Program, an EBRR Program, and that he has been enrolled in First Step Act classes which has given him a reduction in his sentence.

Rehabilitation of the defendant is not, in itself, an extraordinary and compelling reason for purposes of the policy statement as set out in 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13(d). However, rehabilitation may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of sentence is warranted. *Id*.

As this court finds no other extraordinary and compelling reason for consideration of compassionate release, this court may not award a reduction solely on the basis of the

defendant's claims of rehabilitation. The court does, however, commend the defendant for his motivation toward rehabilitation and accomplishments while at the BOP. The government also notes that the defendant is enrolled in a GED class as well as other educational courses, including CDL license preparation and math.

IV. *Factors Under 18 U.S.C. § 3553(a)*

The government argues that even if the defendant had presented extraordinary and compelling reasons (which this court has determined herein that the defendant does not), the court should deny his motion in light of the statutory sentencing factors under 18 U.S.C. § 3553(a), because the factors weigh heavily against the defendant's release.

As the government points out, the defendant was the head of a large-scale drug trafficking organization distributing multiple types of narcotics including methamphetamine, cocaine base, heroin, cocaine, and fentanyl. He was held accountable for more than 25,000 kilograms of converted drug weight. His prior criminal history includes multiple convictions for petty larceny and auto-breaking. He was also convicted of multiple counts of drug offenses.

At the defendant's sentencing in February 2024, this court conducted a detailed analysis of the §3553(a) factors. Because this court does not find an extraordinary or compelling reason on any of the defendant's claims, there is no need for the court to further discuss the § 3553(a) factors.

8

CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the foregoing reasons, the court determines that the defendant has not presented an extraordinary and compelling reason for a reduced sentence. The defendant's motion for compassionate release is respectfully denied (ECF No. 957).

IT IS SO ORDERED.

January 22, 2026  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge