IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | CR No. 3:21-cr-522-JFA<br>C/A No. 3:25-cv-637-JFA |
| Plaintiff-Respondent | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Travis Lemett McKie, | |
| Defendant-Petitioner. | |

## I.     INTRODUCTION

This matter comes before the court for consideration of Travis Lemett McKie's ("Petitioner" or "McKie") *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 914). For the reasons stated below, the court dismisses the petition.

## II.     FACTUAL AND PROCEDURAL HISTORY

On July 13, 2022, a federal grand jury returned a superseding indictment naming Petitioner in: Count 1, conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a kilogram or more of heroin, 28 grams or more of cocaine base, 40 grams or more of fentanyl, and a quantity of cocaine; Counts 2-18, wire counts; and Counts 19-25, 29, and 30, possession with intent to distribute and distribution of controlled substances. The charges arose out of an investigation into a

---

[1] Because the Defendant/Petitioner is acting *pro se,* the documents he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and are thus construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

drug trafficking organization. Agents obtained a Title III wiretap on Petitioner's phone from May 10, 2021, through July 10, 2021. In December 2022, W. Michael Duncan ("Duncan") was appointed to represent Petitioner. Petitioner pled guilty to Count one of the indictment on September 5, 2023. He was thereafter sentenced to 97 months incarceration.

In advance of Petitioner's sentencing, the United States Probation Office ("Probation") prepared a presentence report ("PSR") and determined that Petitioner's total offense level was 35 and criminal history category was III. In advance of Petitioner's sentencing hearing, defense counsel filed five objections to the PSR. At Petitioner's sentencing hearing, two of Petitioner's objections were sustained, two were withdrawn, and one was overruled.

On February 3, 2025, Petitioner filed the instant *pro se* § 2255 motion asserting several claims of ineffective assistance of counsel and prosecutorial misconduct.[2] (ECF No. 914). The Government then filed a response along with a motion for summary judgment. (ECF No. 943). Petitioner was advised of the dispositive motion as well as the proper procedure for responding to a motion for summary judgment via an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 944). Petitioner filed a response to the Government's motion along with a supplement. (ECF Nos. 948 & 949). Thus, this matter is ripe for review.

---

[2]  Petitioner contemporaneously filed a motion to file the petition under seal. (ECF No. 913). This motion did not comport with the requirements of Local Civ. Rule 5.03 (D.S.C.) and is accordingly denied.

## III.    LEGAL STANDARD

### A.    28 U.S.C. § 2255

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a defendant/petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

"The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

3

### B.     SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). In deciding a motion for summary judgment, the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992).  The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a

4

genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV.    DISCUSSION

Petitioner's § 2255 motion asserts several grounds for ineffective assistance of counsel and for prosecutorial misconduct. Petitioner's grounds all relate to counsel's representation and prosecutorial actions at his sentencing hearing and relating to his PSR. Specifically, Petitioner argues counsel was ineffective in withdrawing his objections to the drug weight contained in the PSR, and for insufficiently objecting to a conviction used to calculate criminal history points. Further, Petitioner asserts that Assistant United States Attorney Elizabeth Major ("Major") committed prosecutorial misconduct by allegedly electing "to impose unwarranted promises and threats in removing [Petitioner's] acceptance of responsibility pursuant to 3E1.1 and 3 points for [Petitioner] exercising his right to object to drug quantity calculations and other inaccurate information in the PSR findings that AUSA Major knew to be either inaccurate or overstated." (ECF No. 914-1, pp. 4–5). Petitioner argues that he faces prejudice as a result of these actions/inactions and accordingly requests that "the Court resentence him from a recalculated guideline starting at base offense level 32 and a lowered criminal history points calculation." *Id.* at 8.

As an initial and dispositive matter, Petitioner's claims are subject to dismissal because he can show no prejudice from counsel's actions. Further, he has failed to provide evidence that Major's conduct was improper, and that it prejudicially affected his substantial rights. The substance of each of Petitioner's claims are discussed herein.

### A. Ineffective Assistance of Counsel

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, the petitioner must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* 466 U.S at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693).

When a defendant has pled guilty, the hurdle to establish prejudice is high. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Such a defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's "subjective preferences . . . are not dispositive; what matters is whether proceeding to trial

6

would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).  After pleading guilty, a defendant cannot demonstrate prejudice from counsel's performance where pleading guilty is "objectively, [the defendant's] best option." *United States v. Dyess*, 730 F.3d 354, 361–363 (4th Cir. 2013).

Petitioner points to two instances where he avers his counsel's performance was deficient: (1) for withdrawing his objections to the drug weight contained in the PSR; and (2) for insufficiently objecting to a conviction used to calculate criminal history points. Both instances are addressed herein.

### (1) Drug Weight Objection

Petitioner argues that his counsel's performance was deficient in dropping the objection to the drug weight contained in the PSR, and that he faced prejudice as a result of this deficient performance. This requires the Court to apply the *Strickland* test. First, this Court determines that counsel's performance did not fall below an objective standard of reasonableness. In his affidavit filed in response to Petitioner's § 2255 motion, Duncan states that regarding his choice to withdraw the objections regarding drug weight, his "notes reflect that the Government was considering challenging acceptance of responsibility if the defense persisted in the objections to drug weight and stash house. . . Strategically, I did not want to engage in a dispute in which I felt the odds were against the defense's position and risk having the Government challenge acceptance of responsibility." (ECF No. 943-4, ¶ 4). Duncan further states: "I thought that Mr. McKie agreed with that decision at sentencing and I still firmly believe that the withdrawal of the objections was the correct strategic move." *Id.* The Government argues that it "rightly considered the

7

Defendant's objections to the drug weight and the stash house enhancement to be frivolous and told defense counsel she would consider challenging acceptance of responsibility if he persisted with these objections. For these reasons, defense counsel was not deficient in withdrawing the objections to the drug weight as he made a sound strategic decision to do so." (ECF No. 943-1, p. 7).

The Court determines that Duncan's withdrawing of the objection to the drug weight and stash house enhancement did not constitute an action that fell below an objective standard of reasonableness. First, as discussed herein, even if Duncan had successfully argued the objection and the court sustained the objection, it does not appear Petitioner would have faced prejudice. Second, Duncan's strategic decision to withdraw his objection was not an unreasonable one. Acceptance of Responsibility afforded Petitioner a three-level offense level reduction. Consequently, if Duncan proceeded to argue an objection of which he "felt the odds were against the defense's position," Petitioner may have lost this three-level offense level reduction. While Petitioner may now disagree with this decision, he has not shown that this decision was one that fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688–89 (there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight).

Accordingly, Petitioner's ineffective assistance of counsel claims regarding Duncan's withdrawal of the objection to drug weight and stash house enhancement fail under the first prong of *Strickland*.

8

Petitioner's claim fails under the first prong of *Strickland* and accordingly analysis of the second prong is unnecessary. However, the Court will briefly address the lack of prejudice. Petitioner argues that he "requested several objections to the PS[R] report that would have substantially and procedurally reduced [his] term of imprisonment and CHC level. Had counsel investigated, challenged, and presented this evidence there is a possibility of defendant's sentence being lower than prescribed." (ECF No. 914-1, pp 2–3). Petitioner sought to object to the attributable drug weights listed in the PSR. He avers that some methamphetamine included in the drug weight calculation was not tested for purity, the drug weight coming from Confidential Human Source ("CHS") 2 came from unreliable testimony and was overstated, and that counsel should have objected to CHS-5's statements as to the drug weight because it was unreliable testimony. (ECF No. 914-1).

At sentencing, the Government has the burden of proving the quantity of drugs attributable to a defendant by a preponderance of the evidence. *See United States v. Brooks*, 524 F.3d 549, 562 (4th Cir. 2008); *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000). In calculating drug amounts, the Court may consider any relevant information, provided the information has sufficient indicia of reliability to support its probable accuracy. *See United States v. Uwaeme,* 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id*. The sentencing guidelines do not demand precision; they recognize the Court often must approximate the amount of drugs, erring on the side of caution. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994); *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996).

Here, Petitioner's total drug weight was 25,349 kilograms of converted drug weight. Among other sources, this drug weight came from controlled purchases, and two cooperating sources. This drug weight placed Petitioner in a base offense level of 34 which includes a range of 10,000 to 30,000 kilograms of converted drug weight. This Court reviewed the substance of the withdrawn objection which is discussed in the PSR along with the attachments to Petitioner's § 2255 petition. (ECF No. 808-1, pp. 10–12). This objection contained repeated assertions by Petitioner that the corroborating statements made by his coconspirators and witnesses did not meet the preponderance of the evidence standard. However, he does not provide any information or evidence other than his own uncorroborated statements and lab reports which he highlights were relevant for the purity of the methamphetamine. The Fourth Circuit has repeatedly affirmed that the defendant bears "an affirmative duty" to show "that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (citing *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Petitioner's filings fail to show any genuine issue of material fact exists sufficient to move this petition beyond summary judgment. Unsupported assertions are not sufficient to create such a genuine issue.

Accordingly, the Court finds Petitioner's objection would have been unsuccessful. Therefore, Petitioner did not suffer prejudice when this objection was withdrawn. Further, the Government presents that even if Petitioner had been successful in most, if not all, of his objections, his total drug weight would have been, at minimum, 10,156.3285 kilograms. (ECF No. 943-1, p. 6). Consequently, his drug weight would still place him in a base

offense level of 34 which includes a range of 10,000 to 30,000 kilograms of converted drug weight. Thus, Petitioner has failed to show that he was prejudiced by his counsel's alleged deficient performance and accordingly does not satisfy the second prong of *Strickland*. Consequently, his claim is subject to summary judgment.

### (2) Uncounseled Conviction Objection

Petitioner claims that "although counsel made [an] objection to the use of the prior conviction, he neglected to present the Court the documents showing the record is 'silent' concerning the presence of an attorney" in a previous state conviction. (ECF No. 914-1). Duncan states the following in his affidavit regarding this claim:

> Mr. Mckie also complains about his criminal history points. However, that objection was presented to the Court by counsel at sentencing. The Court disagreed with defense counsel's position and overruled the Objection. Defendant McKie was and is disappointed in that ruling but I am not clear on what else could have been presented regarding the criminal history (counting an uncounseled probation revocation and an uncounseled misdemeanor conviction in magistrate's court).

(ECF No. 943-4, ¶ 5).

Duncan further states that "[i]t does appear to me that the arguments that he makes in his 2255 would not have resulted in a guideline sentencing range less than 78 months which was the bottom of the range at which he was sentenced." *Id.* at ¶ 7.

In his § 2255 motion, Petitioner appears to be challenging the criminal history points resulting from a probation revocation where he avers he was not represented by an attorney. This argument was presented to the Court at sentencing and was overruled. Petitioner's issue at the § 2255 stage is defense counsel's failure to present the court with documents

11

related to this apparent uncounseled parole revocation. Petitioner has failed to show that counsel's actions fell below an objective standard of reasonableness. Petitioner does not provide or refer to documents that defense counsel should have presented. Petitioner attaches correspondence between himself and the South Carolina Supreme Court which took place in 2023 and states that the transcripts relating to the revocation at issue cannot be provided because "it is outside of the retention period set forth in Rule 607(i) of the South Carolina Appellate Court Rules (SCAR). Records of proceedings held more than five years ago are destroyed and not available to be transcribed." (ECF No. 914-3). Thus, it appears the documents Petitioner wishes Duncan had used in presenting the objection to the Court were not available. Thus, Petitioner has failed to point to an action by Duncan that fell below the objective standard of reasonableness and accordingly his claim of ineffective assistance is subject to summary judgment.

### B. Prosecutorial Misconduct

Petitioner asserts that Assistant United States Attorney Elizabeth Major committed prosecutorial misconduct. "The test for reversible prosecutorial misconduct has two elements: (1) whether the prosecutor's remarks or conduct was improper, and (2) whether such remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." *United States v. Francisco,* 35 F.3d 116, 120 (4th Cir. 1994). To prevail on a due process claim of prosecutorial misconduct, the defendant must show both misconduct and resulting prejudice. *United States v. Caro,* 597 F.3d 608, 625 (4th Cir. 2010).

Specifically, Petitioner alleges that Major committed prosecutorial misconduct when she "elected to impose unwarranted promises and threats in removing [Petitioner's] acceptance of responsibility pursuant to 3E1.1 and 3 points for [Petitioner] exercising his right to object to drug quantity calculations and other inaccurate information in the PSR, findings that AUSA Major knew to be either inaccurate or overstated." (ECF No. 914-1, pp. 4–5). Petitioner further alleges that an email, Petitioner's Attachment C, between Major and Probation Agent Daniel Schirra in which Major reviewed estimated guidelines, was a "handshake" agreement between the Government and Probation. *Id.*

The Government contends that Major told Defense counsel that she believed Petitioner's objections to the stash house enhancement and drug weights were frivolous and would consider challenging the acceptance of responsibility reduction if he persisted with the objections. (ECF No. 943-1, p. 10). The Government further notes that a defendant who enters a guilty plea is not entitled to an adjustment for acceptance of responsibility as a matter of right. *Id.* (citing Application Note 3 to §3E1.1). Finally, the Government notes that Major did not believe the other objections argued, for gun enhancement or criminal history points, were frivolous and accordingly did not consider challenging acceptance of responsibility when those objections were made and argued. *Id.*

Here, Petitioner has not shown that Major's conduct was improper. Major did not "threaten" to challenge acceptance of responsibility in the face of Petitioner's other objections to the PSR. It appears Major notified defense counsel that she would challenge acceptance of responsibility if the objection specifically related to drug weight was argued. The record does not reflect that Major threatened to take away acceptance of responsibility

in the event Petitioner tried to exercise a fundamental right. Rather, Major made clear that if Petitioner intended to assert what she believed to be a frivolous argument relating to the merits of the charges already pled guilty to, challenging acceptance of responsibility would be a likely response. This does not warrant a determination that there is a dispute of fact regarding whether Major's conduct was improper. Thus, Petitioner has failed to satisfy the first element required for prosecutorial misconduct. Further, as discussed herein, even if Petitioner were successful in his objections to the drug weight, he would have remained at a base offense level of 34, and he accordingly cannot show prejudice resulting from Major's actions. Therefore, Petitioner's prosecutorial misconduct claim is subject to summary judgment.

As outlined above, Petitioner has failed to show any way in which his counsel was deficient, or any prejudice suffered as a result of counsel's actions. Further, Petitioner has failed to show Major's conduct was improper, and even if he could show impropriety, he cannot show prejudice. Accordingly, each of Petitioner's claims are subject to summary judgment.

## V.    CONCLUSION

For the reasons stated above, the government's Motion for Summary Judgment (ECF No. 943) is granted, and Petitioner's motion for relief pursuant to § 2255 (ECF No. 914) is denied. Petitioner also filed a "Motion to Supplement Petitioner's Section 2255" in which Petitioner requests to expand the record regarding his PSR and that an attorney be appointed. (ECF No. 918). The Court construes Petitioner's Motion as a request for discovery pursuant to Rule 6 of the Rules Governing § 2255 proceedings. SECT 2255 Rule

6 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure."). Petitioner has failed to show why the record before the court is insufficient to adjudicate his claims and what potential discovery would reveal in aid of his position. Accordingly, Petitioner's Motion for discovery or to expand the record, and his request for an attorney to aid him in that endeavor, (ECF No. 918), is denied. This action is hereby dismissed with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."

The Court concludes that he has not made such a showing, and therefore it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

July 22, 2026                          Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge